**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Justin Deonta Strom

    v.                                    Civil No. 23-cv-176-LM

Warden, FCI Berlin


**Report and Recommendation**

    Self-represented Petitioner Justin Strom, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging prison disciplinary proceedings that resulted in Strom losing forty-one days of good conduct time credit. Strom contends that the process which resolved the disciplinary charge against him was resolved violated his Fifth Amendment due process rights because the Disciplinary Hearing Officer ("DHO") was not impartial, and prejudged Strom's guilt on a disciplinary infraction before holding a hearing on that infraction. The respondent, the FCI Berlin Warden, moves for summary judgment on the ground that Strom did not exhaust his available administrative remedies before filing this action. See Doc. Nos. 5, 10. Strom objects. See Doc. Nos. 7-9.

**Standard of Review**

In a § 2241 action, "[s]ummary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Yancey v. Warden, FMC Devens, No. 22-cv-11790-DLC, --- F. Supp. 3d ---, 2024 U.S. Dist. LEXIS 4305, at *7, 2024 WL 100932, at *3 (D. Mass. Jan. 9, 2024). No genuine dispute of material fact is shown "if, based on the record, there is no factual determination which a rational factfinder could make as to the existence or nonexistence of a fact that has the potential to change the outcome of the suit." Gibson Found., Inc. v. Norris, 88 F.4th 1, 5 (1st Cir. 2023) (internal quotation marks omitted).

**Background**

I.   Introduction

Strom was sentenced in the Eastern District of Virginia in September 2012 for the crime of sex trafficking of a child.  In June 2022, a staff member at FCI Berlin reviewing recorded telephone calls discovered that during one such call, Strom asked the person he had called to contact the victims of Strom's crimes to get statements from them saying that Strom never forced them into prostitution.  Prison officials charged Strom with a disciplinary violation for telephone abuse.

The DHO presided over a hearing on the charged disciplinary infraction on September 26, 2022.  At the hearing, Strom stated that during the phone conversation in question, he was talking to a private investigator.  Strom provided the name of the investigator, but that name did not correspond with the phone number Strom had called.  During the hearing, Strom acknowledged that he was not allowed to contact the victims of the crimes underlying his incarceration.  The DHO found there was sufficient evidence to find Strom had committed the disciplinary offense charged, and sanctioned Strom with, among other things, the loss of forty-one days of good conduct time.


II.  Regulatory Framework for Disciplinary Appeals

The BOP has an Administrative Remedy Program ("ARP"), codified at 28 C.F.R. § 542.10-19 (2024).  See Calderon Hernandez v. Warden FMC Devens, Civil Action No. 23-11330-MPK, 2023 U.S. Dist. LEXIS 161096, at *8, 2023 WL 5939634, at *4 (D. Mass. Sept. 12, 2023).  Under the ARP, to appeal a DHO decision, a prisoner must submit an appeal to the Regional Director within twenty calendar days of the date the prisoner received the DHO Report.  See Krieg v. Warden, FCI Berlin, Case No. 22-cv-105-SM, 2022 DNH 111, 2022 U.S. Dist. LEXIS 162628, at *2, 2022 WL 4121422, at *1 (D.N.H. Sept. 9, 2022) (citing 28 C.F.R. §§ 542.14(d)(2) & 542.15(a)), appeal filed sub nom., Krieg v.

Hazlewood, No. 22-1717 (1st Cir. Sept. 22, 2022).  A prisoner
not satisfied with the Regional Director's response may submit
an appeal to the Office of the BOP's Office of General Counsel
within within thirty days after the date of the Regional
Director's decision.  See id., 2022 U.S. Dist. LEXIS 162628, at
*2, 2022 WL 4121422, at *1  (citing 28 C.F.R. § 542.15(a)).

At each stage of the ARP, the prisoner's appeal may be
rejected as defective.  In that situation, the Administrative
Remedy Coordinator will provide the prisoner with written notice
of the reason for rejection and give the prisoner time to
correct the defect and resubmit the appeal.  See 28 C.F.R. §
542.17.


III. Facts Material to Exhaustion

Strom filed a timely appeal of the DHO's decision with the
Northeast Regional Office on October 17, 2022.[1]  The Regional

---

[1]  In support of his summary judgment motion, the Warden
submitted the declaration of BOP Legal Assistant Cheryl
Magnusson (Doc. No. 5-2) which summarized Strom's exhaustion
efforts, and the responses thereto, based on entries in SENTRY,
the BOP's database, through July 2023.  The entries in the copy
of the SENTRY database provided to the court are nearly
incomprehensible because understanding of them requires
knowledge of codes and abbreviations not provided to the court.
Strom does not contest the accuracy of Magnusson's declaration,
and the court relies on that summary of Strom's exhaustion
process through July 2023.  Thereafter, the court relies on the
record documents Strom provided in support of his objection to
summary judgment (Doc. Nos. 8-1, 9).

Office rejected the appeal on November 3, 2022, because two of the pages were not legible.  The Regional Office response provided Strom ten days to refile the appeal, correcting the identified errors.

Instead of refiling the corrected appeal with the Regional Office, Strom filed an appeal at the next administrative level, the Office of General Counsel.  That appeal was rejected because Strom did not follow the directions from the Regional Office to refile the appeal there.  Strom submitted another appeal to the Regional Office on December 15, 2022, challenging the sanctions the DHO imposed.  The Regional Office rejected Strom's appeal on February 8, 2023 because it was not legible and because Strom submitted more than one appeal form, and instructed Strom to refile a legible appeal within ten days, and to include a continuation page if more space was necessary.  Strom did not immediately refile the appeal as instructed.

Strom filed this § 2241 action on March 8, 2023.  On March 30, 2023, Strom refiled his appeal with the Regional Director. That appeal was rejected for being illegible and untimely, and because Strom had not corrected the errors identified in Strom's previous appeals.  On May 15, 2023, Strom filed an appeal which the Regional Director accepted.  Strom apparently never received a response to that appeal.

After several months with no response from the Regional Office, in order to move on to the next appeal level, Strom obtained a memorandum from a unit counselor to attest to Strom's appeal efforts and the lack of response from the Regional Director.  Strom filed an appeal with the Office of General Counsel on October 4, 2023.  On November 1, 2023, that office responded and denied the appeal on its merits, finding the DHO's decision to be reasonable and supported by the record evidence.

## **Discussion**

I.  <u>Legal Standard for Exhaustion of Administrative Remedies</u>

Ordinarily, a federal prisoner must exhaust his administrative remedies before seeking relief under § 2241.[2]  <u>See</u>

---

[2] In the motion for summary judgment, the respondent argued that Strom's § 2241 petition should be dismissed for failure to exhaust, citing the exhaustion requirement in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  In his reply to the petitioner's objections, the respondent acknowledged the error and that a common law exhaustion requirement applies in § 2241 cases.  The respondent asserts in his reply that "proper" exhaustion requires full compliance with an agency's administrative procedures, citing <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006).  In <u>Woodford</u>, however, the Supreme Court found that "proper" exhaustion was mandatory under the PLRA, taking guidance from, among other things, habeas petitions arising under 28 U.S.C. § 2254, which requires that each claim in a petition be fully exhausted in state court before it can be considered by the federal habeas Court.  CITE.  <u>Woodford</u> itself neither references § 2241, which does not contain the mandatory exhaustion requirement found in § 2254, nor addresses, nor limits the federal court's common law authority to excuse exhaustion in a § 2241 action.

Idada v. Spaulding, 456 F. Supp. 3d 294, 297 (D. Mass. 2020);
Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999);
Calderon Hernandez, 2023 U.S. Dist. LEXIS 161096, at *8, 2023 WL
5939634, at *4 (citing Colorado-Cuero v. Warden, FCI Berlin,
Case No. 23-cv-295-JL, 2023 U.S. Dist. LEXIS 123534, at *2, 2023
WL 4565472, at *1 (June 8, 2023), R&R approved, 2023 U.S. Dist.
LEXIS 122061, at *1, 2023 WL 4564379, at *1 (D.N.H. July 17,
2023)).  "This administrative exhaustion requirement generally
serves twin purposes: 'promoting judicial efficiency' and
'protecting administrative agency authority.'"  Carroll v.
Hazlewood, Case No. 21-cv-139-PB, 2021 U.S. Dist. LEXIS 128036,
at *5, 2021 WL 2877463, at *2 (May 26, 2021) (quoting McCarthy
v. Madigan, 503 U.S. 140, 145 (1992)); R&R adopted, 2021 U.S.
Dist. LEXIS 127225, at *1, 2021 WL 2857184, at *1 (D.N.H. July
7, 2021).  "[I]n considering whether to exercise this leeway,
'courts must balance the interest of the individual in retaining
prompt access to a federal judicial forum against countervailing
institutional interests favoring exhaustion.'"  Carroll, 2021
U.S. Dist. LEXIS 128036, at *5, 2021 WL 2877463, at *2 (quoting
McCarthy, 503 U.S. at 146) (other citations omitted).

> In determining whether a § 2241 habeas petitioner
> should be required to exhaust his administrative
> remedies courts "balance the interests of the
> individual in retaining prompt access to a federal
> forum against countervailing institutional interests
> favoring exhaustion."  Because exhaustion is not
> jurisdictional, courts may create exceptions to the

exhaustion requirement.  For example, exhaustion may
not be required if a prisoner has belatedly completed
the exhaustion process, or if requiring him to repeat
that process would be an exercise in futility.

Bray v. Yates, No. 2:22-CV-142-JTR, 2023 U.S. Dist. LEXIS 63520,
at *8, 2023 WL 2894918, at *3 (E.D. Ark. Apr. 11, 2023) (quoting
McCarthy, 503 U.S. at 146) (other citations omitted); cf. also
Leighnor v. Turner, 884 F.2d 385, 388 (8th Cir. 1989) (reviewing
a 2241 petition on the merits where prisoner belatedly exhausted
administrative remedies after filing his habeas petition because
his initial non-exhaustion was effectively "cured").


II.  Exhaustion in this Case[3]

    As noted above, Strom entirely exhausted the claims raised
here, utilizing the ARP, although those proceedings were not
completed until after Strom initiated this action.  To determine
whether Strom's § 2241 petition has been exhausted, for purposes
of deciding whether to consider the merits of his claims, the

---

[3] The BOP's repeated rejection of Strom's appeals because they
were not legible or because Strom used an improper continuation
page or an improper form, along with extended periods of
nonresponse to Strom's appeals, could suggest the BOP engaged in
an overly bureaucratic response to his appeals which may have
thwarted his efforts to timely appeal his claims. "[E]xhaustion
under § 2241 is not required when prison administrators thwart
inmates from taking advantage of a grievance process through
machination, misrepresentation, or intimidation." Blevins v.
FCI Hazelton Warden, 819 F. App'x 853, 856 (11th Cir. 2020)
(internal quotation marks and citation omitted).  Because the
Court finds that Strom has exhausted the claims asserted in his
petition, it need not resolve that question at this time.

Court balances Strom's interest in obtaining judicial review of his disciplinary proceedings against the respondent's interest in ensuring claims proceed through the ARP. See Bray, 2023 U.S. Dist. LEXIS 63520, at *8, 2023 WL 2894918, at *3. Here, where the ARP procedures have been fully satisfied, the interests of both parties are best met by finding the claims in Strom's § 2241 petition to be exhausted to allow this matter to proceed to a determination on the merits of Strom's claims. See Leighnor, 884 F.2d at 388; see also Bray, 2023 U.S. Dist. LEXIS 63520, at *8, 2023 WL 2894918, at *3 ("exhaustion may not be required if a prisoner has belatedly completed the exhaustion process, or if requiring him to repeat that process would be an exercise in futility") (citing Elwood v. Jeter, 386 F.3d 842, 844 n.1).

If the court were to dismiss the petition for failure to exhaust, the dismissal would be without prejudice, and Strom could immediately file a new action using a petition identical to the petition he filed in this case. Judicial efficiency would not be served by that result. Accordingly, in the interest of judicial efficiency and economy, as well as the court's general preference for deciding cases on their merits, the district judge should find that the claims in this matter are exhausted, and deny the respondent's summary judgment motion, without prejudice to the respondent's ability to file a

new summary judgment motion addressing the merits of Strom's claims.

**Conclusion**

For the foregoing reasons, the district judge should deny Warden's motion for summary judgment (Doc. No. 5) without prejudice to his ability to file a motion for summary judgment on the merits.  The district judge should, upon approval of this Report and Recommendation, direct that the respondent, within thirty days of the date of the order approving the Report and Recommendation, should either file a motion for summary judgment on the merits of Strom's claims, or advise the court that an evidentiary hearing is necessary to resolve those claims.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id.  Failure to file any objections within the specified time waives the right to

appeal the district court's order. <u>See</u> Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

    SO ORDERED.

                                                      Andrea K. Johnstone
                                                      United States Magistrate Judge

February 12, 2024

cc:  Jason Strom, pro se
     Anna Dronzek, Esq.